**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

In re:

TROY ANTHONY EATON, SR., and  Case No.: 15-71583-SCS
APRIL JULY EATON,  Chapter 7

        Debtors.

_____

LAWRENCE H. GLANZER, TRUSTEE,

        Plaintiff,

vs.  APN: 15-_____-SCS

TROY ANTHONY EATON, SR., and
APRIL JULY EATON,

        Defendants.

## COMPLAINT OBJECTING TO DISCHARGE

Plaintiff, Lawrence H. Glanzer, Trustee (the "Trustee") of the Estates of Troy Anthony Eaton, Sr. ("Mr. Eaton"), and April July Eaton ("Mrs. Eaton" and, collectively with Mr. Eaton, the "Defendants"), as and for his Complaint Objecting to Discharge, respectfully represents and alleges as follows:

1. On or about May 8, 2015 (the "Petition Date"), the Debtors commenced this case by filing their joint voluntary petition under chapter 7 of title 11, United States Code, in this Honorable Court. Relief was ordered.

Lawrence H. Glanzer, Trustee
580 East Main Street, Suite 300
Norfolk, VA 23510
757-622-9005 (voice); 757-624-9257 (fax)
Email: trustee@rgblawfirm.com

2. The Trustee was appointed interim trustee of the estate of the Debtor, and continues to serve as trustee.

3. Jurisdiction over this adversary proceeding exists in this Court pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §727. It is a core proceeding, pursuant to 28 U.S.C. §157(b)(2)(J).

4. Schedule B.2 calls for the disclosure of "Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives."

5. The Defendants' Schedule B.2 indicates that neither had an asset within the stated description on the Petition Date.

6. The Defendants filed a Declaration Concerning Debtor's Schedules (Docket Entry 1, p. 45 of 63), in which each declared, under penalty of perjury, that each had read the schedules preceding the declaration and that they were true and correct, to the best of their knowledge, information and belief, respectively.

7. Prior to the meeting of creditors conducted by the Trustee in this case, counsel for the Defendants provided to the Trustee copies of pay advices for each of the Defendants for the 60 days preceding the Petition Date, as required by the Court's Order to Debtor (Docket Entry 6).

8. The pay advices produced to the Trustee by counsel for the Defendants showed that each of the Defendants is paid by direct deposit to a specifically identified checking account. These pay advices showed that Mr. Eaton's employment earnings were direct-deposited to a checking account ending in the numbers 9345 for the payment dates running from March 26, 2015, through and including May 7, 2015, and that Mrs. Eaton's employment earnings were

direct-deposited to a checking account ending in the numbers 6816 for the payment dates running from March 6, 2015, through and including May 1, 2015.

9. The Defendants filed separate tax returns for 2014.

10. A copy of Mrs. Eaton's federal Form 1040 tax return for 2014 was provided to the Trustee by counsel for the Defendants, as required by the Court's Order to Debtor. It showed that Mrs. Eaton's filing status was "married filing separately," that she signed her return on April 9, 2015, and that she was entitled to a refund in the amount of $3,088.00, which was to be deposited directly to the same account shown on her pay advices.

11. Counsel for the Defendants provided the Trustee with copies of Mr. Eaton's federal Form 1040 tax return and Virginia Form 760 tax return, both for 2014, as required by the Court's Order to Debtor. These returns showed that Mr. Eaton's filing status was "head of household," that he signed his state income tax return on April 11, 2014, but did not show the date he signed his federal tax return, and that he received refunds of $3,931 (federal) and $432 (state), both of which were to be direct deposited to a checking account ending in 1890.

12. In addition to schedules, the Defendants filed a Statement of Financial Affairs, Item 11 of which called for them to disclose any financial accounts that had been closed during the year preceding the commencement of the case. The response to Item 11 of the Statement of Financial Affairs was, "None."

13. At the end of the Statement of Financial Affairs, the Defendants signed a Declaration under Penalty of Perjury in which each of them, respectively, made a declaration, under penalty of perjury, that the answers to the preceding Statement of Financial Affairs were true and correct.

14. At their meeting of creditors, held pursuant to 11 U.S.C. §341(a), the Defendants were asked by the Trustee if they had reviewed their Petition, Schedules and Statement of Affairs with their attorney before signing them, if they had signed the papers themselves and if the papers had been completely filled out when they signed them. The Defendants responded, under penalty of perjury, in the affirmative to each of these questions.

15. The Defendants have never amended their schedules or Statement of Financial Affairs to reflect any information concerning the checking accounts identified in their pay advices and tax returns.

## FIRST CAUSE OF ACTION
### Concealment of property (11 U.S.C. §727(a)(2))

16. The Trustee hereby realleges Paragraphs 1 through 15 of this Complaint as fully as if set forth herein verbatim.

17. The Defendants knew, or should have known, that they had checking accounts on the Petition Date.

18. The Defendants had an obligation to disclose the existence of and balances in their accounts in Schedule B.2 when they filed this chapter 7 case.

19. The Defendants breached their obligation to disclose the existence of their financial accounts by omitting them from their Schedule B.2.

20. The Defendants further breached their obligation to disclose the existence of their financial accounts when, at their meeting of creditors, the Defendants were offered an opportunity to advise the Trustee of any errors, omissions or changes to their schedules, and affirmatively stated, under penalty of perjury, that there were none, despite having failed to disclose the existence of their checking accounts in the schedules filed by them in this case.

4

21.     Upon filing their joint petition for relief under chapter 7, the financial accounts held by the Defendants became property of their bankruptcy estates.

22.     The Defendants withheld disclosure of their financial accounts with actual intent to hinder, delay or defraud an officer of the estate charged with custody of property under title 11, U.S. Code, or acted with reckless indifference to their obligation to disclose information about their financial accounts, amounting to such intent.

23.     The withholding of information concerning property of the estate from the Trustee continued after the Petition Date and through the date of the meeting of creditors.

WHEREFORE, the Trustee respectfully prays that judgment be entered sustaining the Trustee's objection to discharge under 11 U.S.C. §727(a)(2) for concealment of property from the Trustee with intent to delay, hinder or defraud the Trustee in the administration of these estates, denying the Defendants a discharge and granting to the Trustee such other and further relief as to the Court may seem proper, under this First Cause of Action.

### SECOND CAUSE OF ACTION
### False oath (11 U.S.C. §727(a)(4)(A))

24.     The Trustee hereby realleges Paragraphs 1 through 16 of this Complaint as fully as if set forth herein verbatim.

25.     The schedules signed and filed by the Defendants were materially false.

26.     The Defendants knew that the schedules were materially false at the time that they signed them.

27.     The omission from their schedules of the financial accounts to which their payroll checks and tax refunds were direct-deposited was done knowingly and fraudulently, or with reckless indifference to the truth of the matters disclosed amounting to fraudulent intent.

5

WHEREFORE, the Trustee respectfully prays that judgment be entered sustaining the Trustee's objection to discharge under 11 U.S.C. §727(a)(4)(A) for knowingly and fraudulently making a false oath in this chapter 7 case, denying the Defendants a discharge and granting to the Trustee such other and further relief as to the Court may seem proper, under this Second Cause of Action.

### THIRD CAUSE OF ACTION
### Withholding recorded information from Trustee (11 U.S.C. §727(a)(6))

28. The Trustee hereby realleges Paragraphs 1 through 16 of this Complaint as fully as if set forth herein verbatim.

29. On May 11, 2015, an Order was entered in this chapter 7 case by the Clerk, on behalf of the Court, that, *inter alia*, directed the Defendants to provide to the Trustee, no later than the first scheduled date of their meeting of creditors, "statements for each of [their] depository and investments accounts, including checking, savings, money market, mutual funds, and brokerage accounts, for the period that includes [their] petition filing date, or a written statement that the documentation either does not exist or is not in [their] possession." This Order was entered on the Docket for this case on May 13, 2015, as Document 6.

30. Despite the affirmative obligation of the Defendants to turn over to the Trustee, at the least, statements for each of their checking or other depository accounts for the time period that includes the Petition Date on or before the date of the meeting of creditors, the Defendants failed or refused to do so.

31. The failure of the Defendants to provide the Trustee with the required statements for their checking and other depository accounts has prevented the Trustee from fully investigating and administering their estates.

WHEREFORE, the Trustee respectfully prays that judgment be entered sustaining the Trustee's objection to discharge under 11 U.S.C. §727(a)(6) for refusing to obey a lawful order of the Court, other than an order to respond to a material question or to testify, denying the Defendants a discharge and granting to the Trustee such other and further relief as to the Court may seem proper, under this Third Cause of Action.

    /s/ *Lawrence H. Glanzer, Trustee*
Lawrence H. Glanzer, Trustee
580 East Main Street, Suite 300
Norfolk, VA 23510
757-622-9005 (voice); 757-624-9257 (fax)
Email:  trustee@rgblawfirm.com